UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARITZA HERNANDEZ,

    Plaintiff,

v.                                                       Case No.  6:14-cv-1438-Orl-41TBS

CH HOSPITALITY CORP., and RAMADA
WORLDWIDE INC.,

    Defendants.
_____/

## ORDER

Pending before the Court is Plaintiff's Motion for Extension of Time to Serve Defendant CH Hospitality Corp (Doc. 18).  Plaintiff seeks 45 additional days to serve original process on Defendant CH Hospitality Corp.  As grounds, she alleges that she has been diligently attempting to serve CH Hospitality at its corporate address on file with the Florida Division of Corporations.  However, Plaintiff has learned that CH Hospitality does not actually operate at the address on file with the Division of Corporations.  Now, Plaintiff is attempting to locate and serve the owner of CH Hospitality.

The Court cannot exercise personal jurisdiction over a defendant absent valid service of process.  Omni Capital Int'l, Ltd. v. Wolff & Co., 484 U.S. 97, 104, (1987). Service of process is effected by delivering a copy of the summons and complaint to the defendant.  FED. R. CIV. P. 4(c).  If service is not made within 120 days after the filing of the complaint, the Court "must dismiss the action without prejudice against

that defendant or order that service be made within a specified time." F ED. R. CIV. P. 4(m).

The Court must extend the time for service of process "for an appropriate time" if plaintiff shows good cause for failing to serve the defendant within 120 days after filing suit. Id. "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence prevented service." Brown v. Hillsborough Area Reg'l Transit, No. 8:08-cv-1465-T-33TBM, 2009 WL 1657392, at *2 (M.D. Fla. June 10, 2009) (quoting Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks and citations omitted)). In determining whether good cause exists, court have considered "'factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process." Pridemore v. Regis Corp., No. 3:10-cv-605-J-99MMH-JBT, 2011 WL 9120, at *2 (M.D. Fla. Jan. 3, 2011) (quoting Madison v. BP Oil Co., 928 F. Supp. 1132, 1137 (S.D. Ala. 1996)). "The plaintiff bears the burden of showing good cause for not timely serving the defendant." Johnson v. Clark, No. CV-11-2287-PHX-SRB (LOA), 2013 WL 646022, at *2 (D. Ariz. Feb. 21, 2013).

Even if a plaintiff fails to demonstrate good cause, the Court has the discretion to extend the time for service. Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005). The Court looks to the Advisory Committee Note to Rule 4(m) for guidance as to what factors may justify the grant of an extension of time in the absence of good cause. Id.

Although Plaintiff's motion does not convince the Court that good cause to grant the motion exists, it will exercise its discretion to grant the requested enlargement of time.  Accordingly, Plaintiff's motion is GRANTED.  Plaintiff has through February 17, 2015 to serve CH Hospitality.

DONE AND ORDERED in Orlando, Florida, on January 5, 2015.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel